AO 106 (Rev. 03/99) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

In the Matter of the Search of

The Premises of  ANTHONY TOLLIVER
391 Coleman Street
Fort Deposit, Alabama 36032

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER: 2:07mj70-TFM

I, Sybil Hall-McNeil, being duty sworn depose and say: I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as

*SEE ATTACHMENTS A, A1, A2, A3, A4*

In the Middle District of Alabama there is now concealed a certain person or property, namely

**Firearms, to include shotguns, rifles, pistols, documents, receipts or other records, and/or notes which constitute evidence of the possession of the firearms and/or ammunition and photographs.**

which is contraband, evidence of the crime, fruits of the crime, instruments of the crime, concerning a violation of Title) United States code, Section(s) 18 USC 922(g)(9).

The facts to support a finding of Probable Cause are as follows:

*SEE ATTACHED AFFIDAVIT*

Continued on the attached sheets and made a part hereof.

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence
July 31, 2007

Montgomery, AL

Date

City and State

Judge Terry F. Moorer

Name and Title of Judicial Officer

Signature of Judicial Officer

I, Sybil R. Hall-McNeil, being duly sworn, deposes and states the following:

1. I make this affidavit from personal knowledge based on my participation in this Investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives since October 1991. As a result of my training and experience, I am familiar with the Federal Firearms Laws. During this time, I have participated in numerous Firearm and Explosive investigations that have resulted in the execution of Federal search and arrest warrants. I know that it is unlawful for a person who has been convicted of a crime of domestic violence to possess firearms or ammunition as defined in Title 18 U.S.C., Section 921.

2. I am currently conducting an investigation involving an individual identified as ANTHONY TOLLIVER, B/M, DOB 02/03/1971, SSN: 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, who after being convicted of a crime of Domestic Violence, was found to be in possession of several firearms and several rounds of ammunition. TOLLIVER pled guilty on June 7, 2005, to Assault 3rd Degree, case number CC2005-391, in Hayneville, Lowndes County, Alabama. TOLLIVER was sentenced to a $50 fine and $191 in court costs.

1

3. During April 2007, I learned from a conversation with Commander Chris West, from the 2nd Judicial Circuit Drug Task Force that on April 7, 2006, he initiated an undercover controlled drug buy in Fort Deposit, Alabama using an undercover narcotics agent (U/NA) to purchase $50 worth of "crack cocaine" from ANTHONY TOLLIVER, at 391 Coleman Street, Fort Deposit, Alabama, which took place as planned. During the drug transaction the U/NA observed a Ruger semi-automatic pistol lying beside TOLLIVER on the couch between TOLLIVER and a young black female child that is believed to be his daughter.

4. I learned from a conversation with Commander West that on April 13, 2006, he conducted a 2nd undercover narcotics purchase from ANTHONY TOLLIVER using this same U/NA, and he purchased $20 worth of "crack cocaine" from TOLLIVER, at 391 Coleman Street in Fort Deposit, Alabama.

5. On April 13, 2007, I along with 2nd Judicial Circuit Drug Task Force Agent (DTF) Curtis Campbell interviewed Judge Terri Bozeman, in reference to her taking a 2005 guilty plea from TOLLIVER for Assault 3rd Domestic Violence, in Hayneville, Alabama, case number DC2005 391. Judge Bozeman stated that she oversaw the Assault 3rd Degree case against TOLLIVER, where she sentenced TOLLIVER to pay a $50 fine, and court costs of $191. Judge Bozeman stated that she informed TOLLIVER of the charges against him and she conducted a colloquy with TOLLIVER, where she advised him of his rights to counsel and if he pled guilty he waived his right to counsel. Judge Bozeman stated that she advised TOLLIVER that he has a right to a trial and he has a right to appeal. Judge Bozeman stated that she instructed him that he had fourteen (14) days to

appeal, and a $1500 cash appeal bond fee (due upon appeal). Judge Bozeman has not pardoned TOLLIVER for his conviction.

6. I caused a search of the records for Governor Pardon's in the State of Alabama, and learned from Charlie Williams, Supervisor of Probation and Parole, that his records do not reflect a Governor's pardon for ANTHONY TOLLIVER.

7. On April 16, 2007, I interviewed DTF Agent Curtis Campbell and he advised me that he was the arresting officer, and present in court when TOLLIVER pled guilty April 11, 2005, to Assault 3rd, in case number DC2005-391, where TOLLIVER assaulted his live-in girlfriend Nakeisha McMeans.

8. Agent Campbell stated that he also was a responding officer in November 2005, when TOLLIVER allegedly shot at Nakeisha McMeans, while she and her child was trying to flee the scene of a domestic altercation with TOLLIVER (17 Ellis Street, Fort Deposit, Alabama). McMeans' brother, Steven McPherson was shot with a 9mm handgun. Agent Campbell stated that TOLLIVER was not convicted, due to McPherson dropping the charges.

9. Agent Campbell further advised that on February 15, 2007, he responded to TOLLIVER's residence where he received a complaint of shots fired. Agent Campbell stated that as he approached the residence he observed a black male known to him as ANTHONY TOLLIVER standing near the rear of a pick-up truck. DTFA Campbell

stated that he identified himself and ordered TOLLIVER to step away from the vehicle. DTFA Campbell stated that as he approached the vehicle he observed two hand guns and one long gun lying in the bed of the truck. DTFA Campbell stated that TOLLIVER immediately advised him that he had legally purchased the firearms and he had a receipt for the purchases. DTFA Campbell stated that TOLLIVER retrieved a receipt from his residence describing all three of the firearms located in the bed of the truck.

10. On July 6, 2007, I visited H & H Guns, 479 Starlington Road, Georgiana, Alabama. I learned from an interview with owner, Fred Hillard, that on January 31, 2007, he assisted ANTHONY TOLLIVER, B/M, DOB: 02/03/1971, SSN: 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, as he purchased Hi Point, Model JHP, .45 caliber, semi-automatic pistol, serial number X463576; a Hi Point, Model JHP, .45 caliber, semi-automatic pistol, serial number X463575; a Ruger, Model Super Black Hawk, Revolver, 45/454 caliber pistol, serial number 552-02837; and a New England Firearm, Model Pardner Pump, .12 gauge shotgun, serial number NW519177. Mr. Hillard advised that TOLLIVER was having trouble filling out the ATF Form 4473, so he read the questions aloud to TOLLIVER and wrote TOLLIVER's response to his questions in the appropriate spot on the form. Mr. Hillard advised that after he read all the questions aloud to TOLLIVER, TOLLIVER verbally acknowledged that he understood the questions on the form and Mr. Hillard had TOLLIVER sign the form acknowledging the same. I reviewed question "11i " with Mr. Hillard and Mr. Hillard was asked did he record TOLLIVER's answer in the designated block and Mr. Hillard responded, "Yes". Mr. Hillard further advised that TOLLIVER received a delay response on January 31, 2007; but then a "proceed" response was received from NCIC

on February 1, 2007. Mr. Hillard stated that he completed the firearms transaction after he received authorization to proceed with the sell (NICS Transaction 104L-D65).

11. On July 19, 2007, Special Agent (S/A) Theron Jackson advised that Ruger .9mm and .40 caliber pistols were not manufactured in the state of Alabama.

12. On July 26, 2007, I learned from DTF Agent Campbell that he responded to Edgewood Apartments in Fort Deposit where James Jenkins was allegedly involved in a physical altercation with TOLLIVER's nephew, Justin McGuire. Upon arrival on the scene Fort Deposit Police Officer Tom Birtley observed a bulge consistent with that of a firearm protruding from TOLLIVER's clothing. Officer Birtley patted TOLLIVER down for officer safety and found a Hi Point, Model JHP, .45 caliber, semi-automatic pistol, serial number X463576; and a Hi Point, Model JHP, .45 caliber, semi-automatic pistol, serial number X463575 in TOLLIVER's waistband.

13. DTF Agent Campbell read TOLLIVER his Miranda rights, and TOLLIVER verbally acknowledged that he understood his rights, and he agreed to give Agent Campbell a statement. During TOLLIVER's tape recorded interview, TOLLIVER advised Campbell that he had received a telephone call on his cellular telephone and he was advised that his nephew (Justin McGuire) was involved in a fight at Edgewood Apartments. TOLLVIER stated that he went to Edgewood Apartments to help his nephew. TOLLIVER advised that he had a pistol permit for the firearms found on him, and that those firearms were legally purchased.

5

14. Agent Campbell advised TOLLIVER that he could not receive his firearms back at that time, due to them being involved in an investigation. Agent Campbell stated that after he turned the recorder off, TOLLIVER advised him that he was not worried about it, because he had 30 other firearms. Agent Campbell stated that he then turned the recorder back on and requested TOLLIVER to repeat his statement. TOLLIVER then recanted a part of what he said, and TOLLIVER then stated that "It' just a figure of speech".

15. On July 27, 2007, I caused a query of Lowndes County Circuit Court records, and learned from Assistant Circuit Court Clerk, Connie Johnson, that her records do not reflect that TOLLIVER's conviction in case number DC2005-391 was expunged or pardoned.

16. On July 27, 2007, S/A Jackson advised that neither Hi Points, Rugers, or New England Pardner firearms are manufactured in the State of Alabama.

17. On July 27, 2007, I learned from a conversation with DTF Agent Campbell that the electricity at TOLLIVER's residence, 391 Coleman Street, Fort Deposit, Alabama is in his name.

Normally one would have to possess a firearm by carrying it from the person, vehicle or residence.

It has been my experience as an ATF Special Agent that firearms are durable objects and not perishable items. I have also gained experience through participating in the execution of many Federal and State Search and Arrest warrants. I know that firearms tend to stay under the possessor's control, either on their person, in their homes, businesses, or in their vehicles. I have also learned through interviews with clerks employed by federally licensed firearm dealers, that people are given sales receipts from firearms and ammunitions purchases. It is my experience

from conducting search warrants that people tend to keep these records and receipts in their homes or on their person.

Based on the information above I believe that the certified copy of the misdemeanor conviction concerning ANTHONY TOLLIVER is true, accurate and timely. I have corroborated this information through interviews, record checks, research, and personal observation. Based on this reliable information, I believe that ANTHONY TOLLIVER is in possession of firearms, ammunition, documents, receipts or other records, and/or notes which constitute evidence of the possession of firearms and photographs of firearms. I believe a search of TOLLIVER's residence, located at 391 Coleman Street, in Fort Deposit, Lowndes County, Alabama and all vehicles and structures contained thereon, will yield firearms, ammunition and other evidence. This residence is described as a, one story, yellow wood house with a carport attachment.

_____
Sybil R. Hall-McNeil
Special Agent, ATF


Subscribed and sworn to before me this  31  day of July 2007.

_____
Terry F. Moorer
United States Magistrate Judge

7

AO 106 (Rev. 03/99) Affidavit for Search Warrant

ATTACHMENT A

## DESCRIPTIONS OF THINGS TO BE SEARCHED

*The Premises*
Of ANTHONY TOLLIVER
391 Coleman Street, Fort Deposit, AL   36032
Including all outbuildings and appurtenances thereto
in the City of Fort Deposit
in the County of Lowndes
in the Middle District of Alabama

*The Vehicle*

2007 Dodge Charger, green,  AL Tag#   CT8462,
*Driven by TOLLIVER; but registered to JOHN TOLLIVER, 1378 County Road 37S
Letohatchee, AL 36040*

*Premises' Physical Description*

```
Stories - 1
Construction Type -wood house.
Color  - Yellow.
Garage/Carport -Carport.
```

*The Premises Location From City*

See attached Mapquest.



| | **Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page. |

| START | **2 N Jackson St** | END | **391 Coleman St** |
|---|---|---|---|
| | Montgomery, AL 36104-3803, US | | Fort Deposit, AL 36032-5169, US |

**Total Est. Time:**
39 minutes

**Total Est. Distance:**
35.80 miles

| **Maneuvers** | | **Distance** |
|---|---|---|
| START | **1:** Start out going SOUTH on S JACKSON ST toward WASHINGTON AVE. | 0.3 miles |
| → | **2:** Turn RIGHT onto HIGH ST. | 0.7 miles |
| ← | **3:** Turn LEFT onto S COURT ST. | 0.2 miles |
| 85 | **4:** Merge onto I-85 S / MARTIN LUTHER KING JR EXPY. | 0.7 miles |
| 65 | **5:** Merge onto I-65 S via the exit on the LEFT toward MOBILE. | 29.5 miles |
| 142 EXIT | **6:** Take the AL-185 exit- EXIT 142- toward FORT DEPOSIT / LOGAN. | 0.2 miles |
| | **7:** Merge onto E OLD FORT RD / AL-185 toward FORT DEPOSIT. | 3.2 miles |
| → | **8:** Turn RIGHT onto COLEMAN ST / CR-45. | 0.6 miles |
| END | **9:** End at **391 Coleman St** Fort Deposit, AL 36032-5169, US | |

**Total Est. Time:** 39 minutes      **Total Est. Distance:** 35.80 miles

ATTACHMENT A1



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

ATTACHMENT A2



Attachment A3



ATTACHMENT A4